UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 24-cv-22237-RAR

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.
_____/

### NOTICE OF FILING UNDER SEAL DECLARATION OF HUMBERTO RUBIO

Plaintiff, by and through undersigned counsel, hereby notices his filing under seal, pursuant to Court Order (ECF No. 5), of Declaration of Humberto Rubio in Support of Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction and Order Restraining Transfer of Assets.

Respectfully Submitted this 8th day of August, 2024.

        **LAW FIRM OF RUBIO & ASSOCIATES, P.A.**
        Attorneys for Plaintiff
        8950 SW 74 Ct., Suite 1804
        Miami, Fl 33156
        Telephone: (786) 220-2061
        Facsimile: (786) 220-2062
        Email: hrubio@rubiolegal.com
        Email: frubio@rubiolegal.com
        Email: info@rubiolegal.com

        By:*/s/ Humberto Rubio*
        Humberto Rubio, Jr., Esq.
        Florida Bar No. 36433
        Felipe Rubio, Esq.
        Florida Bar No. 123059

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 24-cv-22237-RAR

XYZ CORPORATION,

Plaintiff,                                                                    **FILED UNDER SEAL**

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.
_____/

**SEALED DECLARATION OF HUMBERTO RUBIO IN SUPPORT OF PLAINTIFF'S
*EX PARTE* MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND ORDER RESTRAINING TRANSFER OF ASSETS**

I, Humberto Rubio, declare and state as follows:

1. I am over 18 years of age and I have personal knowledge of the facts set forth herein.

2. I am counsel of record for Plaintiff, ZH Brothers International Inc. ("Plaintiff") and I make this declaration in support of Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Motion for TRO"). If called upon to do so, I could and would competently testify to the following facts set forth below.

3. The individuals, partnerships, and unincorporated associations ("Defendants") identified on Schedule "A" of the Amended Complaint conduct their e-commerce business through Amazon, Ebay, Walmart among other e-commerce platforms.

1

4. Based upon the data and information collected and provided in connection with this action, Defendants' Internet based e-commerce stores currently ship infringing goods using unauthorized copies into the United States, including the Southern District of Florida.

5. Defendants are promoting, advertising, distributing, selling and/or offering for sale, through Seller IDs provided by the e-commerce stores, goods using counterfeit and infringing patents and unauthorized reproductions without authorization. Attached hereto as Schedule "B"[1] are representative web page captures and order samples from Defendants' Internet based e-commerce stores operating under the Seller IDs.

6. Defendants have structured their e-commerce store businesses so that the means for customers to purchase Defendants' infringing goods, at issue, is by placing an order electronically. Defendants receive and confirm orders online and rely on electronic means to receive payment.

7. Defendants obtain their sales proceeds, from the e-commerce platforms, by using money transfer, and/or retention processing services with PayPal, Inc., and/or having their sales processed using an aggregate escrow account in order to receive monies from the sale of infringing goods.

8. The escrow accounts on these e-commerce platforms are held in various financial institutions, including AliExpress, Amazon, Amazon Pay, Ebay, Alipay, Paypal, Walmart, among others.

9. Most of the time, Defendants must provide an email address and physical address to the third-party platforms through which Defendants operate (such as Ebay, Amazon, and Walmart), however, few Defendants purport to provide any type of a physical address to these

---

[1] Schedule B consists of web captures and samples of each of the Defendant's patent infringement. This Schedule B has been organized per Defendant for convenience and presentation purposes. Schedule B also contains a side by side between Plaintiff's patented product as appearing in retail and the infringing/counterfeit product.

third-party platforms much less a valid, accurate, and verifiable physical address. Also, many of the Defendants appear to reside in China, neighboring states (and other foreign jurisdictions) and some use Chinese characters for their names and addresses.  Store operator can input any physical address so that it is not verifiable and typically false and or inaccurate. Even where a physical address is known, it is not a reliable way to locate and or identifying Defendants.

10. There are reports that confirm the unreliability of and uncertainty of physical addresses. A January 2020 publication on counterfeiting by the Department of Homeland Security cites a "lack of relevant policies and procedures to verify sellers' true names and addresses" by third party platforms, which "contributes to a range of impediments to effective enforcement."

11. Based upon the data and information collected and provided in connection with Defendants' Internet based e- commerce stores, including the shipping information and payment data provided in connection with Defendants' Seller IDs, Plaintiff has good cause to suspect Defendants are all residing and/or operating outside of the United States and/or redistribute products from sources outside of the Unites States.

12. Defendants have complete control of their e-commerce stores, at issue.  If notice of this action and or this proceeding, Defendants can modify the ownership of the e-commerce store, data, content, payment accounts, redirect consumers to other seller identification names, and transfer assets to other seller identification numbers.

13. Absent the granting of Plaintiff's Motion for TRO, without notice, Defendants can and will likely alter the status quo before the Court can determine the parties' respective rights. Particularly because Defendants can transfer, conceal and dissipate assets or modify e-commerce data within minutes after obtaining notice of this action. Such result would also frustrate the Court's ability to grant meaningful relief.

14. Undersigned counsel has not yet provided notice of the present action to Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of August, 2024.

/s/ Humberto Rubio
Humberto Rubio, Jr., Esq.