UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22237-RAR

**ZH BROTHERS INTERNATIONAL, INC.
d/b/a EPICORD**,

        Plaintiff,

vs.

**THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"**

        Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** comes before the Court upon Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Motion"), [ECF No. 10], against various Defendants[1] pursuant to 35 U.S.C. §§ 283 and 284; Federal Rule of Civil Procedure 65; and 28 U.S.C. §§ 1498 and 1651(a).  The Court held a hearing on September 10, 2024, where counsel for Plaintiff was present and no other Defendants appeared, with the exception of counsel for Defendant Spacemen.  [ECF No. 42].  Aside from the objections raised by Defendant Spacemen, no response or objection was filed by any remaining Defendant to the Motion as required by this Court's Order, [ECF No. 13].  The Court has reviewed the Motion and is otherwise duly advised.  For the reasons stated herein, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED**.[2]

---

[1] Defendants are the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A," which Plaintiff originally filed separately under seal on August 9, 2024.  *See* [ECF No. 10-1].

[2] This Order shall not apply to dismissed Defendants or Defendant Spacemen.  *See* [ECF Nos. 28, 43].

## FACTUAL BACKGROUND

On June 10, 2024, Plaintiff ZH Brothers International Inc. filed the present action for patent infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying, and soliciting for sale, using Plaintiff's federally registered patent or a substantially similar reflection thereof, in violation of federal patent law. Am. Compl., [ECF No. 7].

Plaintiff owns one (1) United States Design Patent, No. US D829,665 S, for an ornamental design of an RV power inlet with illumination ("Plaintiff's Patent" or "665 Patent").  Plaintiff's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law.  *See* Ex. 1, [ECF No. 7-1].  Plaintiff demonstrated ownership of the 665 Patent by submitting copies of the U.S. Design Patent: 1) US D829,665 S, Date: October 2, 2018.  *See* Ex. 1, [ECF No. 7-1]; *see also* Pl. Decl. ¶ 5, [ECF No. 8].

Plaintiff is the owner of all rights, title, and interest to the 665 Patent, which has been used in connection with the manufacturing, advertising, offer for sale, and/or sale of Plaintiff's RV power inlet with illumination.  Pl. Decl. ¶ 7, [ECF No. 8].  Plaintiff advertises, offers for sale, and sells the RV power inlet with illumination depicted in the 665 Patent in authorized e-commerce stores such as Amazon, Ebay, Walmart, and Temu.  *Id*. ¶ 6.  Plaintiff has expended time, money and other resources developing, advertising and otherwise promoting the 665 Patent.  *Id*. ¶ 7. Plaintiff suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods using identical or substantially similar copies or derivatives of the 665 Patent.  *Id*. ¶ 21.

Without Plaintiff's permission or license, Defendants are manufacturing, promoting, selling, reproducing, offering for sale, and/or distributing goods using Plaintiff's 665 Patent within

this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Amended Complaint. *See* Ex. 2, [ECF No. 7-2]; *see also* Pl. Decl. ¶¶ 11–16.

Accordingly, on August 9, 2024, Plaintiff moved *ex parte* for entry of a temporary restraining order ("TRO") against the Defendants identified on Schedule A ("Defendants"), and an entry of an order restraining the financial accounts used by Defendants, pursuant to 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a). The Court granted the TRO on August 12, 2024 and scheduled a hearing on Plaintiff's pending preliminary injunction for August 27, 2024. [ECF No. 13].

On June 27, 2024, Plaintiff moved to extend the TRO and reschedule the hearing. *See* [ECF No. 17]. The Court granted that Motion on August 23, 2024 and rescheduled the hearing on Plaintiff's pending request for a preliminary injunction to September 10, 2024. [ECF No. 18]. Defendants were served with relevant case documents on September 2, 2024 via the case website created pursuant to the Court's Order Authorizing Alternate Service of Process on Defendants. [ECF No. 14]; *see* Proof of Service, [ECF No. 32]. Defendants—besides Spacemen—have neither formally responded to the Motion, made any filings in this case, nor appeared in this matter individually or through counsel. On September 10, 2024, the Court held a hearing concerning the requested preliminary injunction ("Hearing"), [ECF No. 42]. Only Defendant Spacemen appeared. *Id.* Accordingly, the Court now turns to address Plaintiff's pending request for a preliminary injunction.

## LEGAL STANDARD

Plaintiff's claim arises under 35 U.S.C. § 283, which provides "[t]he several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems

reasonable." 35 U.S.C. § 283. And Rule 65(a)(1) further provides "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Finally, to obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

## **ANALYSIS**

The declarations Plaintiff has submitted in support of their preliminary injunction support the following conclusions of law:

    A.    Plaintiff submitted sufficient documentation that Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly one or more claims of Plaintiff's Patent. The documentation Plaintiff submitted shows that an ordinary observer would be deceived into thinking that the Infringing Products are genuine because they utilize one or more claims of the Plaintiff's Patents.

    B.    Because of the infringement of the 665 Patent, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff absent injunctive relief:

        i.    Defendants own or control e-commerce stores and commercial Internet websites operating under their respective seller identification names and domain names which

advertise, promote, offer for sale, and sell Infringing Products in violation of Plaintiff's respective rights; and

    ii.  There is good cause to believe that more Infringing Products will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products.

  C.  The balance of potential harm to Defendants in restraining their trade in Infringing Products if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its exclusive rights as to the 665 Patent, Plaintiff's reputation, and its goodwill as a manufacturer and distributor of quality products if such relief is not issued.

  D.  The public interest favors issuance of a preliminary injunction to protect Plaintiff's patent interests and to protect the public from purchasing inferior versions of the Plaintiff's products.

  E.  The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

  F.  Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citations omitted); *see also Max'is Creations Inc. v. Individuals et al.*, No. 23-20341, 2023 WL 2388614, at *4 (S.D. Fla. Feb. 8, 2023) (granting TRO and ordering restraint of assets where plaintiff sought equitable relief and reasonable royalty for patent infringement); *Lead Creation Inc. v. Partnerships, et al.*, No. 8:23-CV-49-CEH-CPT, 2023 WL 1993971, at *5 (M.D. Fla. Feb. 14, 2023) (same).

  G.  In light of the inherently deceptive nature of Defendants' infringement, and the likelihood that Defendants have violated federal patent laws, Plaintiff has good reason to believe

Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that, pursuant to 35 U.S.C. § 283; Federal Rule of Civil Procedure 65; and the Court's inherent equitable powers, Plaintiff's Motion for Preliminary Injunction, [ECF No. 10], is **GRANTED**. A Preliminary Injunction is entered as follows:

(1) Each Defendant,[3] its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are temporarily enjoined and restrained as follows:

  a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products which reproduce or copy Plaintiff's Patent; and

  b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, which consist of copy or counterfeit of the Plaintiff's Patent; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products which consist of, contain, or copy the Plaintiff's Patent; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

(2) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having

---

[3] Per the parties' agreements, this Order excludes Defendant Spacemen and those Defendants voluntarily dismissed.

notice of this Order shall immediately discontinue the use of any unauthorized copies of the Plaintiff's Patent on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

(3)     Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

(4)     Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, Amazon, Amazon Pay, Walmart, Paypal, Temu, and shein and their related companies and affiliates (collectively, "Third Party Providers"), shall after receipt of notice of this Order, restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court.  Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained.  No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(5)     Third Party Providers shall continue to provide Plaintiff information regarding (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); and (ii) an accounting of the total funds restrained and

identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

(6) Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(7) This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the Plaintiff's Patent at issue in this action and/or unfairly competing with Plaintiff.

(8) This Order shall remain in effect during the pendency of this action, or until such further dates as set by the Court or stipulated to by the parties.

(9) The Court determines that the bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) posted by Plaintiff, [ECF No. 30], is sufficient and shall remain with the Court until the final disposition of this matter or until this Preliminary Injunction is dissolved or terminated or until further order of the Court.

(10) This Preliminary Injunction shall remain in effect during the pendency of this action, or until further date as set by the Court or stipulated by the parties.

**DONE AND ORDERED** in Miami, Florida, this 11th day of September, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**