UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-22237-RAR

ZH Brothers International, Inc.
d/b/a Epicord

       Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

       Defendants

_____

### THE SAD DEFENDANTS' "EXPEDITED MOTION" TO DISMISS, STRIKE AND/OR FOR MORE DEFINITE STATEMENT

Defendants, listed on Schedule A attached hereto (the "*SAD Defendants*"), by counsel, and pursuant to SD Fla. LR 7.1(d) and Fed. R. Civ. P 12(b)(2), (b)(6), (e), and (f), file this Expedited Motion to Dismiss, Strike and/or for More Definite Statement.[1]

### REASON FOR EXPEDITED RULING
### (Related to Expediting Only – Not to Substance of Motion to Dismiss)

Based upon a clearly misleading and factually deficient pleading, an *ex-parte* Temporary Restraining Order [ECF No. 13] and Preliminary Injunction [ECF No. 46] were issued restraining the twenty-three (23) SAD Defendants' storefronts,[2] inventory,[3] and financial

---

[1] This Motion was originally filed on **September 20, 2024**, but the clerk directed counsel to refile it on September 24, 2024. Counsel filed an appearance on behalf of additional defendants on September 23, 2024, which also joined in this Motion and have been added to **Schedule A** attached hereto.

[2] The Temporary Restraining Order was extended until September 25, 2024 as to Defendant Spacemen who has been engaging in settlement discussions with the Plaintiff, whereas a

accounts.[4] The SAD Defendants need access to their storefronts, inventory, and financial accounts to amongst other things secure ongoing legal representation in this matter and if warranted engage in settlement negotiations with Plaintiff. To the extent there are settlement negotiations, the improper freezing the Defendants' assets provides unwarranted bargaining power to the Plaintiff and is a misuse of Plaintiffs' alleged patent. It is also causing the SAD Defendants irreparable harm to their businesses, reputation and loss of sales, and loss of consumer goodwill. Dismissal of the Amended Complaint will dissolve the Preliminary Injunction by operation of law and avoid an evidentiary hearing on dissolving the Preliminary Injunction and/or increasing the bond.[5] Defendants suffer constant irreparable harm caused by Plaintiff's improper Amended Complaint such that ruling on this Motion is respectfully requested as soon as possible.

---

Preliminary Injunction was entered as to the other unrepresented parties and the then unrepresented additional twenty-two SAD Defendants. *See* [ECF No. 48].

[3] Estimated to have a retail value at over $300,000.00 USD and include products (such as extension cords) and other technology not plausibly related to the Plaintiff's alleged patent for a cover for an "RV POWER INLET WITH ILLUMINATION."

[4] Estimated to total over $3,000,000.00 USD with lost interest accruing daily.

[5] Based upon the Amended Complaint, Plaintiff has sued fifty-three (53) Defendants for separate acts of infringement with only one filing fee and has only a bond of only $10,000.00 for its Preliminary Injunction (a paltry $188.68 per Defendant) that was only filed with the Court twenty eight days after the order restraining the SAD Defendants accounts was entered. [ECF No. 13] (ordering bond); [ECF No. 30] (filing bond). For an explanation of some of the harms of Schedule A Defendant cases, including the deprivation of Federal Court Filing fees, see e.g., E. Goldman, A Sad Scheme of Abusive Intellectual Property Litigation, 123 Columbia Law Review Forum (2023) available at: https://columbialawreview.org/content/a-sad-scheme-of-abusive-intellectual-property-litigation/ (last accessed Sept. 7, 2024).

**MEMORANDUM OF LAW**

The Amended Complaint [ECF No. 7] (the "*AC*") fails to allege plausible allegations of contributory infringement, civil conspiracy, counterfeiting, patent infringement, damages, or basis for injunctive relief against the SAD Defendants and/or the other defendants. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This requirement "give[s] the defendant ***fair notice of what the claim is and the grounds upon which it rests***." *Twombly*, 550 U.S. at 555 (internal citation and alterations omitted) (emphasis added). When considering a motion to dismiss, the court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Baptista v. Carnival Corp.*, 2017 WL 9049155, at *1 (S.D. Fla. Dec. 6, 2017) *citing Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

> [A]n aggrieved party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" from the record. Fed. R. Civ. P. 12(f).

*Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1365 (11th Cir. 2021) quoting *FTC v. AbbVie Prods*., 713 F.3d 54, 64 (11th Cir. 2013) (quotation and brackets omitted).

A. **The Amended Complaint fails to Identify Any Accused Product of the SAD Defendants.**

Nowhere in the Amended Complaint is there any analysis or identification of any product of each of the SAD Defendants that is accused to infringe Plaintiff's Patent. Rather, the Plaintiff makes several conclusory allegations of *counterfeiting*[6] collectively regarding all fifty-three (53)

---

[6] A civil cause of action for *counterfeiting* is clearly not asserted by the Amended Complaint. According to 15 U.S.C. § 1116(d)(1)(B) "'counterfeit mark' means . . . a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for

Defendants' unidentified products that are accused of *counterfeiting* unidentified products do not provide SAD Defendants or the other defendants with notice of the claims made against them. See AC ¶¶ 23-29, 42-44. "The factual allegation that a particular device infringes provides the notice required in a complaint. It allows the defendant to understand the nature of the suit and prepare an answer." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 937 (Fed. Cir. 2015) (affirming dismissal of complaint and holding that even former Form 18 required identification of a "specific" accused product). It is not enough to say "you infringe my patent." *Id.* Moreover, Form 18 has since been abrogated.

> [O]n December 1, 2015, amendments to the Federal Rules of Civil Procedure took effect, abrogating Rule 84 and Form 18. Supreme Court of the United States, *Order Regarding Amendments to the Federal Rules of Civil Procedure* (U.S. Apr. 29, 2015). The Supreme Court's abrogation order states that the amendments "shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending."

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1258 (Fed. Cir. 2018). Additionally, the Federal Circuit, prior to abrogation of Form 18 held that Form 18's relaxed pleadings stands do not apply to claims of indirect or joint patent infringement. See, e.g., *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (holding that Form 18 is inapplicable to direct infringement claims). "[A]llegations of joint infringement must be measured by the Iqbal and Twombly standard without reference to Form 18." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016). Here the conclusory allegations of the Amended Complaint fail to put the SAD

---

such goods or services sold, offered for sale, or distributed and that is in use . . . or a spurious designation that is identical with, or substantially indistinguishable from, a designation as to which the remedies of this chapter are made available by reason of section 220506 of title 36." **Notably, the Amended Complaint fails to identify the trademark or (even product(s) of Plaintiff) that each of the SAD Defendants are accused of *counterfeiting*.**

4

ASSOULINE & BERLOWE, P.A.
Miami Tower • 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

Defendants on notice of the specific products that are accused to infringe the Plaintiff's alleged patent.

Consequently, the Amended Complaint should be dismissed, and all orders issued relying upon the Amended Complaint and its baseless allegations of counterfeiting dissolved[7], Plaintiffs' *de minimis* bond released to the SAD Defendants.

> **B.     The Amended Complaint Treats All Defendants Jointly and Severally and as a Collective Association and Seeks to Freeze Each of Their Entire Online Market Places and Individual Accounts and Financial Assets, but Plaintiff fails to Make Any Plausible Allegations Supporting a Civil Conspiracy, Affiliation or for Contributory Infringement Against All of the Defendants.**

In its Amended Complaint Plaintiff seeks, amongst other collective relief against all fifty-three (53) alleged Defendants that:

> Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

However, there are no plausible factual allegations in the Amended Complaint of civil conspiracy, association, or contributory infringement by any of the Defendants to support such a collective joinder or such an extreme remedy. There are no plausible facts recited in the

---

[7] "After all, '[a] preliminary injunction cannot survive the dismissal of a complaint.'" *Audi of Am., Inc. v. Bronsberg & Hughes Pontiac, Inc.,* 481 F. Supp. 3d 370, 374 n.3 (M.D. Pa. 2020) *citing Rodriquez v. 32nd Legislature of the Virgin Islands*, 859 F.3d 199, 207, 66 V.I. 962 (3d Cir. 2017) (quoting *Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994)). A preliminary injunction is automatically dissolved by operation of law upon dismissal of a complaint. *See Rodriquez*, 859 F.3d at 207.

Amended Complaint from a reasonable pre-suit investigation supporting that there is any relationship or association between any Defendants.

> This Court joins many others in holding that a plaintiff cannot satisfy Rule 20's requirements merely by alleging that multiple defendants have infringed the same intellectual property . . . One defendant's alleged infringement does not necessarily arise out of the same transaction, occurrence, or series of transactions or occurrences as another's unrelated infringement . . . When the defendants are not affiliated with one another, "there is no evidentiary overlap in proving liability for the alleged infringement." . . . And one defendant's defenses do not depend on that of an unrelated codefendant.

*Tushbaby, Inc. v. Corps., Ltd. Liab. Co.*, No. 1:24-cv-22281, 2024 U.S. Dist. LEXIS 141649, at *4 (S.D. Fla. Aug. 8, 2024) citing *Omega, SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1351-54 (S.D. Fla. 2023) (Moore, J.) (finding joinder of Schedule A defendants improper in trademark infringement action) (citations omitted); *Peleg Design Ltd. v. Individuals Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule "A" To the Complaint*, No. 1:23-CV-24672, 2024 U.S. Dist. LEXIS 74554, 2024 WL 1759139, at *3 (S.D. Fla. Apr. 24, 2024) (Gayles, J.) (same); *Gold Wing Trading Inc. v. Individuals P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 23-CV-60849, 2023 U.S. Dist. LEXIS 231437, 2023 WL 9029582, at *2 (S.D. Fla. Nov. 3, 2023) (Middlebrooks, J.) (same); see also *Estee Lauder Cosms. Ltd. v. P'Ships & Unincorporated Ass'ns*, 334 F.R.D. 182, 187 (N.D. Ill. 2020) (Chang, J.); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004) (Gettleman, J.)); *NFL Props. LLC v. P'ships & Unincorporated Ass'ns*, No. 21-CV-05522, 2021 U.S. Dist. LEXIS 206160, 2021 WL 4963600, at *2 (N.D. Ill. Oct. 26, 2021). Although misjoinder itself is not grounds for dismissal, the Plaintiff's failure to plead any association or reason for the joint and several relief it seeks from all of the Defendants is valid grounds for dismissal.

Consequently, the Amended Complaint should be dismissed for failing to state a claim for the relief sought or that the Plaintiff be ordered to make a more definite statement, all orders issued relying upon the Amended Complaint be dissolved and Plaintiffs' *de minimis* bond released to the SAD Defendants.

    **C.** **The Amended Complaint Improperly Conflates Design Patent Infringement with Counterfeiting and Plaintiff Fails to State a Claim for Counterfeiting, Consequently the Amended Complaint Should Dismissed and/or The Scandalous and Impertinent Allegations of Counterfeiting And Prayer for Relief Related Thereto Should Be Stricken From the Amended Complaint.**

The Amended Complaint alleges that Defendants sell "exact copies" or confusingly similar copies to claimed designs in Plaintiff's Patent, which Plaintiff defines as "Counterfeit Copies." AC ¶ 25. However, unlike copyright infringement, trademark infringement and counterfeiting neither "copying" nor "confusingly similar" are elements patent infringement. See 35 U.S.C. § 271. These scandalous, irrelevant and impertinent allegations do not relate to a claim for patent infringement and are highly prejudicial.

Furthermore, in its prayer for damages Plaintiff cites 35 U.S.C. § 284 as authority for:

> Entry of temporary, preliminary, and permanent injunctions . . . enjoining Defendants, their affiliates, officers, agents, representatives, servants, employees, and all persons acting in concert or participation therewith, from infringing Plaintiff's Patent in manufacturing or causing to be manufactured, producing, importing, advertising or promoting, distributing, selling or offering to sell their ***Counterfeit Copies***; from infringing, counterfeiting, and from using any reproduction, counterfeit, copy, or colorable imitation of the Patent in connection with the publicity, promotion, offer for sale, sale, or advertising of any goods sold by Defendants.

AC at 8(A) (emphasis added). However, nowhere in § 284 is there any authority for the Court to enter injunctive relief for patent infringement.[8] Rather, Plaintiff appears to have relied upon

---

[8] Injunctive relief for Patent Infringement is limited and subject to "principals of equity." *See* 35 U.S.C. § 283.

injunctive relief available for *counterfeiting* under 15 U.S.C. § 1116, a cause of action not asserted by the Plaintiff in the Amended Complaint.

**Notably, the Court was misled by these scandalous misstatements of the law**, when it issued *Ex Parte* and *Sealed* orders granting: (1) Plaintiff's Motion to Seal and Temporary Proceed under a Pseudonym [ECF No. 5] at 3 (where the Court improperly states that is a "trademark suit"); and, (2) Ex Parte Motion for Entry of Temporary Restraining Order and Setting Hearing on Motion for Preliminary Injunction [ECF No. 13 at 1] (stating that the reason the order was entered is that "Plaintiff ZH Brothers International Inc. move[d], ex parte, for entry of a temporary restraining order against Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Amended Complaint; and an order restraining the financial accounts used by Defendants pursuant to *35 U.S.C. § 283*") (emphasis added). Simply put, neither 35 U.S.C. § 283 nor § 284 provide for the relief misrepresented by the Plaintiff.

Nowhere in the Amended Complaint does Plaintiff identify any *trademark* of the Plaintiff that has been allegedly infringed. Trademark *counterfeiting* is a crime, whereas patent infringement (even if proven) is not. "Congress has not declared patent infringement even willfully committed, to constitute a crime." *Kinnear-Weed Corp. v. Humble Oil & Ref. Co.*, 214 F.2d 891, 894 (5th Cir. 1954); *Cf.* 18 U.S.C. § 470-514 and 2320. Moreover, Plaintiff's threadbare Amended Complaint seems to rely on the principals of constructive notice of registration in under trademark law, which is relevant to a claim for counterfeiting, but is at odds with patents laws long standing requirement of actual notice. AC ¶ 50 and Exhibit 1 citing the alleged date of patent registration. *See* 35 U.S.C. § 287(a); *Cf.* 15 U.S.C. § 1072.

Consequently, the Amended Complaint should be dismissed and/or the scandalous allegations of Counterfeiting should be stricken from the Amended Complaint, all orders issued relying upon the Amended Complaint and its baseless allegations of Counterfeiting dissolved and Plaintiffs' *de minimis* bond released to the SAD Defendants.

**D.      Plaintiff Fails to Allege Any Plausible Facts that It is Entitled to Any Damages, Consequently the Amended Complaint Should Be Dismissed and/or its Prayer For Damages Stricken.**

To recover damages for Patent Infringement a Plaintiff must provide notice of infringement to the Defendants through marking as provided by the patent marking statute.

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not [SIC] be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.

35 U.S.C. § 287(a). *Lans v. Dig. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (affirming dismissal of complaint and holding failing to allege proper marking fails to state "a claim on which relief may be granted").

Plaintiff fails to allege in the Amended Complaint that it marked its products (i.e. "patented articles") as required by the patent statute.[9] Moreover, as shown by its Motion to Seal

---

[9] Plaintiff merely alleges that it "provided Defendant's with notice of its Patent rights by providing a copy of the registration number (US Patent number US – D829,665 S) on its sales listings." However, this does not constitute marking and therefore "no damages shall be recovered by the patentee in any action for infringement." 35 U.S.C. § 287.

[ECF No. 4] and failure to file any required Fed. R. Civ. P. 7.1 statement Plaintiff has gone above and beyond to avoid the notice required by law to the Defendants. Furthermore, as explained above the Amended Complaint completely fails to identify a single product of any the SAD Defendants that it accuses of infringement.

> The Supreme Court . . . held that . . . a patentee cannot recover damages absent marking or notice to the "particular defendants by informing them of his patent *and of their infringement of it.*" . . . The Court further stated that notice "is an affirmative act, and something to be done by him." . . . Because the plaintiffs in *Dunlap* offered no proof in support of their allegation that they had notified the defendants of the patent and of their infringement, the Court held that they could not recover damages . . . *Dunlap* thus established that notice must be an affirmative act on the part of the patentee which informs the defendant of his infringement . . .
>
> For purposes of section 287(a), notice must be of "the infringement," not merely notice of the patent's existence or ownership. Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device. . . . It is irrelevant, contrary to the district court's conclusion, whether the defendant knew of the patent or knew of his own infringement. The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer.

*Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 186-87 (Fed. Cir. 1994) (reversing district court award of damages for infringement when Plaintiff failed to provide specific notice to the infringer of the accused product) (emphasis in original). "Mere direction to an Internet website that simply lists patents—without mentioning associating any patent with a specific patented article—does not satisfy the marking obligation as a matter of law." *VLSI Tech. LLC v. Intel Corp.*, No. 1:19-CV-977-ADA, 2021 U.S. Dist. LEXIS 74833, at *13 (W.D. Tex. Apr. 12, 2021); *Seoul Semiconductor Co., Ltd. v. Finelite, Inc.*, No. 22-cv-02869-TLT, 2023 U.S. Dist. LEXIS 195421, at *9 (N.D. Cal. Jan. 27, 2023) (dismissing complaint for past damages for failing to alleged compliance with marking statute) *citing Express Mobile, Inc.*

*v. Liquid Web, LLC*, No. 1:18-CV-01177, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019) (holding "[a]t the motion to dismiss stage, I am only concerned with the sufficiency of the claims. A claim for past damages requires pleading compliance with the marking statute").

Consequently, Plaintiff's Amended Complaint should be dismissed and/or the prayer for damages stricken,[10] all orders issued relying upon the Amended Complaint dissolved and Plaintiffs' *de minimis* bond released to the SAD Defendants.

### E. Plaintiff's Threadbare Allegations of Personal Jurisdiction are Without any Plausible Basis, and Therefore Subject to Dismissal.

The only basis for this Court's jurisdiction over the Defendants asserted in the Amended Complaint is that:

> Defendants are subject to personal jurisdiction in this district because they purposefully direct their sales of goods, utilizing Plaintiff's Patent, to Florida residents by operating stores through online Platforms that offer shipping within the United States, including Florida and this District. The Defendants infringe Plaintiff's Patent in this District by manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing unauthorized reproductions of Plaintiff's Patent through such Internet based e-commerce stores and fully interactive commercial Internet websites and Plaintiff's claims arise out of these activities.

AC ¶ 15. However,

> [p]osting information on the internet "is not sufficient by itself to subject [a] person to personal jurisdiction in each State in which the information is accessed." . . . Otherwise, a "person placing information on the Internet would be subject to personal jurisdiction in every State[.]" . . . "Something more than posting [online] and accessibility" from the forum is required" . . . "the internet user [must] intentionally direct[ ] his/her/its activity or operation at the forum state rather than just having the activity or operation accessible there"

---

[10] Although filing of a suit for Patent Infringement may constitute notice of infringement for future infringements Plaintiff makes no allegations of ongoing infringement and has not filed any Supplemental Complaint.

*McCall v. Zotos*, No. 22-11725, 2023 U.S. App. LEXIS 14585, at *12 (11th Cir. June 12, 2023) *quoting Young v. New Haven Advocate*, 315 F.3d 256, 263 (4th Cir. 2002) (internal citations omitted).

There are no plausible factual allegations in the Amended Complaint that the SAD Defendants intentionally directed their allegedly infringing activities at this district and the Plaintiff is not located in this district. AC ¶ 6. Consequently, the Amended Complaint should be dismissed and/or the Plaintiff required to make a more definite statement, all orders issued relying upon the Amended Complaint dissolved and Plaintiffs' *de minimis* bond released to the SAD Defendants.

**WHEREFORE,** the SAD Defendants respectfully request that this Court:

(1) dismiss the Amended Complaint and/or Order that the Plaintiff make a more definite statement;

(2) dissolve all orders issued relying upon the Amended Complaint;

(3) Plaintiffs' *de minimis* bond released to Defendants;

(4) award Defendants their attorneys' fees and costs pursuant to Plaintiff's bad faith and 35 U.S.C. § 285 as pled in the Amended Complaint; and,

(5) such other relief is fair, just and equitable.

DATED:  September 24, 2024

    Respectfully submitted,

| | |
|---|---|
| **GOTTARDOLAW LLC** | **ASSOULINE & BERLOWE, P.A** |
| 1817 Highland Dr., No. 64 | Miami Tower |
| Grafton, Wisconsin 53024 | 100 S.E. 2nd Street, Suite 3105 |
| Phone: (708) 763-9526 | Miami, Florida 33131 |
| Fax:    (708) 783-9527 | Phone: (305) 567-5576 |
| | Fax:  (305) 567-9343 |
| By: s/David A. Gottardo | |
| David A Gottardo, Esq. | By: s/Peter A. Koziol |
| (admitted *pro hac vice*)[11] | Peter A. Koziol, Esq. (FBN 30446) |
| dgottardo@dgottardolaw.com | pak@assoulineberlowe.com |

Attorneys for Defendants on **Schedule A** attached hereto.

---

[11] Attorney Gottardo was previously admitted in this matter to represent Defendant Spacemen [ECF No. 34] (settlement pending). However, additional Defendants have subsequently requested his representation in this matter and he and the SAD Defendants have requested that the scope of his *pro hac vice* representation be extended to the additional SAD Defendants.

13

**ASSOULINE & BERLOWE, P.A.**
Miami Tower • 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

# SCHEDULE A
(the "SAD Defendants")

3 河南致美创新网络科技有限公司; Henan Zhimei Innovation Network Technology Co., Ltd.
5 常州格恒机械设备有限公司; Changzhou Geheng Machinery Equipment Co., Ltd.
7, 42 原子国际贸易有限公司; Atom International Trading Co., Ltd.
8 义乌市向初电子商务有限公司 Yiwu Xiangchu E-commerce Co., Ltd.
10 重庆澈妍电子商务有限公司; Chongqing Cheyan E-commerce Co., Ltd.
12 深圳超樊科技有限公司; Shenzhen Chaofan Technology Co., Ltd.
13 义乌市提克电子商务有限责任公司; Yiwu Tik E-commerce Co., Ltd.
15 广州小浣熊科技有限公司; Guangzhou Little Raccoon Technology Co., Ltd.
17 深圳市猫尼多多科技有限公司; Shenzhen Maoniduoduo Technology Co., Ltd.
21 宁波晨拾信息科技有限公司; Ningbo Chenshi Information Technology Co., Ltd.
22 上海任鸿工贸有限公司; Shanghai Renhong Industry and Trade Co., Ltd.
26 武汉中优电子商务有限公司; Wuhan Zhongyou E-Commerce Co., Ltd.
29 宜昌市秉鹏贸易有限公司; Yichang Bingpeng Trading Co., Ltd.
34 乐清市琨源贸易有限公司; Yueqing Kunyuan Trading Co., Ltd.
35 世贸通; World Trade
38 深圳小奥共创科技有限公司; Shenzhen Xiaoao Gongchuang Technology Co., Ltd.
40 深圳市亿瑞通合科技有限公司; Shenzhen Yiruitonghe Technology Co., Ltd.
46 上海任鸿工贸有限公司; Shanghai Renhong Industry and Trade Co., Ltd.
47 玉环县珠港镇城矢塘里村; Chengguantangli Village, Zhugang Town, Yuhuan County
49 深圳优尼特焊接机电有限公司; Shenzhen Unite Welding Machinery Co., Ltd.
50 义乌市向初电子商务有限公司; Yiwu Xiangchu E-commerce Co., Ltd.
51 上海任鸿工贸有限公司; Shanghai Renhong Industry and Trade Co., Ltd.
52 上海赢他贸易; Shanghai Win Trade